**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-30277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

O'TERRELL BOUTTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-9-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

O'Terrell Boutte pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 144 months of imprisonment and a five-year term of supervised release. Boutte filed a timely appeal.

Boutte challenges the district court's denial of his motion in which he sought to suppress all of the evidence against him. That evidence included drugs, cash, drug paraphernalia, a firearm, and a statement from Boutte.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Boutte does not contest the district court's determination that law enforcement officers had a right to enter the house where the physical evidence was found. Instead, Boutte argues that the district court erred in finding that the officers permissibly seized drugs under the plain view exception to the warrant requirement. Boutte's arguments focus on the magistrate judge's finding that there was powder cocaine in plain view of the doorway.

The testimony from the suppression hearing, considered in the light most favorable to the district court's ruling, *see United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008), indicates that there were illegal drugs on a table in plain view of the doorway. Thus, the district court's finding that there were "some illegal drugs" in plain view of the officers from their location at the front door of Boutte's home is not clearly erroneous. *See United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009), *cert. denied*, 2009 WL 1983779 (U.S. Oct. 5, 2009).

Boutte argues that a subsequently-obtained search warrant and the incriminating statement he later gave were tainted by the illegality of this initial plain view seizure of drugs in his home. His argument, however, is bottomed on his contention that the district court clearly erred in finding that there were drugs in plain view of the doorway. These arguments are unavailing because, as we have already found, the district court did not clearly err in making such a finding.

Boutte has not shown that the district court erred in denying his suppression motion. Accordingly, the judgment of the district court is AFFIRMED.